(No. 3543— )

ALLIE STONE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

SHAPIRO & LAURIDSEN, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, Allie Stone, contracted typhoid fever on August 15, 1939, while in the employ of the respondent as an attendant at the Manteno State Hospital. Claimant did not thereafter return to work at the institution, and was given a leave of absence as of June 22, 1940. From August 15, 1939, to June 22, 1940, she received wages from respondent in the total sum of $647.75.

At the time of her illness, claimant and respondent were operating under the provisions of the Workmen's

Compensation Act of this State, and notice of the illness and claim for compensation were made within the time provided by the Act. Claimant had no children under sixteen years of age. It is stipulated that a typhoid fever epidemic existed at the Manteno State Hospital from July 10, 1939, to December 10, 1939. The typhoid fever contracted by the claimant was accidental, and arose out of, and in the course of her employment at the Manteno State Hospital, and any injury arising therefrom is compensable under the provisions of the Workmen's Compensation Act. *Ade* vs. *State*, 13 C. C. R. 1.

Claimant seeks an award for alleged "great financial loss and expense for private nurses, hospital treatments, medicine, physician's bills, loss of time because of inability to work, and other expenses amounting to the sum of $761.00," itemized as follows:

| | |
|---|---|
| For nurse hire............................................... | $ 56.00 |
| Series of baths............................................. | 150.00 |
| Medicines, travel expense, food, and other expenses............ | 160.00 |
| Physician and Surgeon bills................................. | 175.00 |
| Loss of work............................................... | 225.00 |
| Total ................................................. | $761.00 |

There is no evidence in the record, however, to substantiate any of these items.

On September 29, 1944, claimant was examined at the Chicago State Hospital by a staff physician, and it is stipulated that the report of this physical examination may be considered prima facie evidence as to her present condition. The report of an examination by Dr. L. S. Barger of Golconda, Illinois, made at the request of the claimant is also a part of the record. From these medical reports, it appears that claimant is suffering from no disability or defect of any kind even remotely connected with the attack of typhoid fever suffered while in the

employ of the respondent at the Manteno State Hospital. An award is therefore denied; case dismissed.